UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Korell Battle, #292294, *aka Korell Robert Floyd Battle*, | ) C/A No.: 2:13-951-CMC-BHH ) ) |
| Plaintiff, | ) ) |
| vs. | ) Report and Recommendation ) |
| Robert Babb; George Amonitti; SCDC, | ) ) |
| Defendants. | ) ) |

Plaintiff, Korell Battle ("Plaintiff"), proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983 seeking injunctive relief and damages. Plaintiff is a state prisoner incarcerated at Perry Correctional Institution in Pelzer, South Carolina and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Plaintiff alleges his Eighth Amendment rights have been violated because Defendants have engaged in medical malpractice and been deliberately indifferent to his serious medical needs. He claims he "beg[a]n to feel bumps around his buttocks area" around January 2011. (ECF No. 1 at 3). He states a nurse referred him to a doctor. Plaintiff claims he asked to see an outside dermatologist but was told he would have to pay for that service. The doctor told the Plaintiff that the "area look[ed] like a contagious skin disease called impetigo." *Id.*

Plaintiff alleges he requested alcohol pads and peroxide to clean the area. He also asked for penicillin "to possibly kill a stomach infection," but was told "no." *Id.* Plaintiff again requested alcohol pads and peroxide but was denied both because he was not "on the yard," but was "on lockup." *Id.*

Later, Plaintiff was seen again, and given Neosporin. Plaintiff was also given antibiotics and was told to wash his hands after he touched the area. A follow-up examination showed the area was not improving, and lipid testing was performed. *Id.* Plaintiff was told he had a rash with a fungal origin and was prescribed a shampoo called Lotrin. He asked, again, to see a dermatologist but was again denied. *Id.* at 3 and 4.

Plaintiff was transferred to another institution where he was told his rash "looked bad." *Id.* at 4. He complained to medical about abdominal pain. Testing was done for HPV. Plaintiff was found to be positive for HPV, and he alleges he was told by a nurse that HPV is a stomach infection. Plaintiff alleges he has: blood in his stools, an irregular cough, and pain in his chest and side. *Id.*

Plaintiff alleges the Defendants have been deliberately indifferent to his serious medical needs and have engaged in malpractice insofar as they did not refer him to an outside dermatologist, delayed him an examination and treatment, and prescribed inadequate medication. He also alleges they failed to examine and treat his abdominal pain. *Id.* at 5.

He asks this court to arrange for him to be taken to a dermatologist, and to be seen by a medical doctor at a hospital for his stomach "disease." He also seeks compensatory, nominal, and punitive damages. *Id.*

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the Defendant "SCDC" (South Carolina Department of Corrections) is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite

a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court against a particular party. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

SCDC is not amenable to suit in this action. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1]  See *Alden v. Maine*, 527 U.S. 706, 713 (1999)(immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996)(Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991)(Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v.*

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

*Louisiana*, 134 U.S. 1 (1889), held that the purpose of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity[2] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity.  When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person' may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state.

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss Defendant "SCDC" in the above-captioned case *without prejudice* and without issuance and service of process.

---

[2] The State of South Carolina has not consented to suit in a federal court.  *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Bruce H. Hendricks<br>United States Magistrate Judge

April 29, 2012  
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).